UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| BENJAMIN COLLIN BROOKS, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 2:08-CR-102(32) |
| | ) | NO. 2:11-CV-252 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

On January 4, 2010, the petitioner, Benjamin Collin Brooks ("Brooks"), entered a plea of guilty to a conspiracy to distribute and to possess with the intent to distribute 100 kilograms or more of marijuana. On September 1, 2010, Brooks was sentenced to a below guidelines term of imprisonment of 37 months to be followed by four years of supervised release. Judgment was entered on December 10, 2010, [Doc. 1290]. Presently before the Court is petitioner's "Petition To Partially Vacate Sentence Pursuant To 28 U.S.C. § 2255," [Doc. 1336], which seeks an order vacating the two point enhancement in his guidelines range for possession of a firearm during the commission of the offense pursuant to USSG § 2D1.1(b)(1). The government has not responded and no response is necessary. For the reasons which follow, the motion will be DENIED.

In his motion, Brooks requests that the Court vacate the two point enhancement for the possession of the firearm "thereby enabling him to attend the Residential Drug and Alcohol Program in Alderson, West Virginia, as was the intention of the Court and all parties." In support of his motion, petitioner cites *United States v. Fraley*, 2007 WL 1876455 (E.D. Ky). *Fraley*, however, even if correctly decided, is factually distinguishable from the instant case. In *Fraley*, the United States did not object to the motion because "it was the government's intent, as well as the court's intent during sentencing, that Fraley be

eligible for early release upon completion of the RDAP." 2007 WL 1876455 at *1. In the instant case, while it was the Court's recommendation that Brooks participate in the Residential Drug and Alcohol Program offered by the Bureau of Prisons, it was not the Court's intent nor the intent of the government that he be eligible for early release upon completion of the program. Although it was the intent of the Court, as evidenced by the Court's recommendation, that Brooks participate in the program, the Court was fully aware that the firearm enhancement would prevent him from being eligible for a sentence credit based on completion of the program. The relief sought by Brooks, *i.e.* that he attend the Residential Drug and Alcohol Program, is available to him regardless of the Court's application of the firearm enhancement. The firearm enhancement has an effect not on Brooks' ability to get treatment, but his ability to qualify for the incentive of a reduction of his period of custody for successfully completing the program.[1]

Not only is the *Fraley* case distinguishable factually from the present case, Brooks' motion also fails for two other reasons. First, he has procedurally defaulted his claim; second, his motion is barred by a valid waiver of collateral attack contained in his plea agreement.

Challenges to a sentence must generally be made on direct appeal or they are waived. *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that [he] is 'actually innocent.'" *Bousley v. Untied States*, 523 U.S. 614, 622 (1998). Here, Brooks did not file an appeal challenging the Court's application of the two-level firearm enhancement. He makes no allegation that he is actually innocent of the crime charged; on the contrary, he pled guilty and he makes no argument

---

[1] In reality, it may be the sentence reduction for successfully completing the program which Brooks actually seeks. Otherwise, if the Bureau of Prisons determines that he has a treatable substance abuse condition, he likely will be provided treatment regardless of the firearm enhancement.

related to cause or actual prejudice. He has therefore procedurally defaulted his objection to the sentencing enhancement.

Even if not procedurally defaulted, the claim would be barred by the express waiver contained in Brooks' plea agreement. Here, Brooks waived not only his right to file a direct appeal but also his right to file a collateral attack or to bring a § 2255 motion on any grounds except for ineffective assistance of counsel or prosecutorial misconduct not known to him at the time of the entry of the judgment. [*See* Doc. 377, ¶ 14]. It is well established that a defendant may waive any right, including a constitutional right, in a plea agreement provided that the waiver is knowing and voluntary. *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004). The Sixth Circuit has clearly held that a defendant's informed and voluntary waiver of the right to collateral attack bars such relief. *See Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001).

During the plea colloquy, Brooks confirmed to the Court that he had reviewed the plea agreement with counsel, had personally read it, that its terms had been explained to him, that he understood all its terms and that the plea agreement represented the full agreement of the parties. The Court called to Brooks attention the specific waiver contained in the plea agreement and he acknowledged that he was aware of the waiver of his right to bring a collateral attack, understood it, and had fully discussed it with counsel. After a thorough colloquy, this Court concluded that Brooks' plea agreement, including the waiver, was knowledgeably and voluntarily made and that he understood the consequences of his guilty plea. Under these circumstances, there is no reasonable argument that Brooks' guilty plea was anything other than knowingly and voluntarily made and the waiver of collateral review bars his claim.

Having decided that Brooks' petition must be denied, the Court must issue or deny a certificate of appealability. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the

requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where the district court has rejected a defendant's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of a constitutional right and jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Brooks' § 2255 motion or conclude that the issues presented are adequate enough to deserve encouragement to proceed further. Accordingly a certificate of appealability will be denied upon the district court's entry of its final order in this matter.

A separate judgment will enter.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE